## Amos T. Dwight and another *v.* Alexander R. Splane.

Commissioners to take depositions in other States or Territories of the Union, appoin-. ted by the Governor under the act of 10 March, 1838, are state officers, and the courts are bound to recognise their official signatures and seals.

One to whom a commission to take testimony is directed is not required to reduce the testimony to writing himself. It is sufficient, when not taken down by the witness, that it be written by any disinterested person.

The fact that the blanks in a printed commission to take testimony were filled up by an attorney of one of the parties, is immaterial, where the commission was signed by the clerk of the court from which it was issued, and sealed with his official seal.

A commission to take testimony within the State, may be directed, generally, to any judge, or justice of the peace, in a particular parish.

The associate judges of the City Court of New Orleans, as well as justices of the peace, being officers of the State, their signatures and official seals prove themselves.

Where a witness examined under a commission neglects to answer a cross interrogatory, but in answering the last direct interrogatory states facts not called for by it, but which are a complete answer to the cross interrogatory, the statement will be presumed to have been intended as an answer to the latter, and the evidence will be admitted.

Appeal from the District Court of St. Mary, *King*, J.

*W. C. Dwight*, for the plaintiffs.

*Splane*, appellant, *pro se.* *Stewart*, on the same side.

Garland, J. The defendant is sued on a promissory note drawn by Samuel Crans & Co., to the order of the plaintiffs, they alleging that defendant was a partner in said firm, which was a commercial one. The defendant, after a general denial, specially denies that the note sued on was ever signed by any one of the members of the firm of Samuel Crans & Co. He further avers that, if said firm ever purchased any goods of the plaintiffs, they have paid for them.

On the trial of the cause, the plaintiffs introduced the most conclusive testimony, that the firm of Samuel Crans & Co., in March, 1839, purchased a quantity of merchandise of the plaintiffs, for which the note sued on was given, and signed by D. J. Green, one of the members of the firm. Subsequently to the maturity of the note, it was presented for payment at the place of business of Crans & Co., at Port Hudson; the genuineness of the signature was not then denied; but, on the contrary, admitted, and a payment made, which is endorsed on the note.

The clerk of Crans & Co. testifies that the goods were purchased of plaintiffs, and that they were credited with the amount on the books of said firm. On one occasion when the note was presented for payment, the witness was sent out to endeavor to make collections to pay it. Other means were also used to raise money to pay it, which were ineffectual.

One witness for the defendant says, that he is acquainted with the signature and hand-writing of Green, and should not take the signature to the note to be his, although it resembles his signature. He has often seen Green write the name of the firm of Crans & Co., and this signature is not in the way in which he usually signed the name of the firm. Another witness says, that he has frequently seen Green write. Has never seen him sign the name of the firm. This signature is not in the general hand writing of the firm, but it is not unusual to write the partnership's name in a peculiar style. If the note had been presented to witness without previous notice, he would have supposed it to have been written by Samuel Crans.

The testimony for the defendant is of a negative character and by no means positive, whilst on the part of the plaintiffs it is direct and weighty. There was a judgment for the plaintiffs, and the defendant has appealed.

Our attention has been called to two bills of exception, taken by the defendant to the reception in evidence of certain depositions offered by the plaintiffs. They offered, first, the deposition of George A. Trowbridge, taken in New York, before Benjamin D. Silliman, Commissioner in New York for the State of Louisiana. The defendant's objections are, that the deposition had not been taken and reduced to writing by any person named in the commission, nor by any person duly authorised to take depositions, and that the capacity of the person who took the deposition was not proved. The commission is directed to three judges by name in the city of New York, " or to any Commissioner in said State, to take depositions for the State of Louisiana." The commission was executed, and the deposition taken before Benjamin D. Silliman, as above stated; it is signed by him, and his seal is appended to his certificate. He certifies that the " examination was taken, reduced to writing, and by

the witness subscribed and sworn to" before him. This, in our opinion, is sufficient. The Governor of the State is, by law, authorised to appoint one or more persons, of known integrity and learning, as commissioners for each State and Territory in the Union, who shall reside therein, and have authority to take depositions in virtue of any commissions that may be directed to them by the courts of this State. They must conform to the laws of the State in the execution of those commissions, and the statute gives them a legal effect. B. and C's. Digest, 164. The commissioner appointed by the Governor is a state officer, and the courts are bound to recognise his official signature and seal.

In this case the law has been complied with. In the 7 La., 585, it was decided that the law does not require the commissioner to reduce the testimony to writing. It is sufficient, when not written by the witness, that it be written by an indifferent or disinterested person. The witness in this instance wrote his own answers. The court did not err in admitting the deposition.

The defendant also objected to some other depositions, on the ground: 1st. That the commission was filled up in the hand writing of the plaintiffs' attorney. 2d. That it was not directed to any particular judge or justice, and the testimony was taken by a person whose capacity is not shown. 3d. That one of the witnesses examined, did not answer the cross interrogatory of the defendant. 4th. That there was no seal to the commission. As to the first objection, we are not aware of any law that forbids the attorney of a plaintiff or defendant to fill up the blanks in the printed form of a commission; nor has the defendant referred us to any. It is admitted that the clerk signed the commission, and it appears to have the seal of his office attached to it, although this is denied by the defendant in his fourth objection. There is no force in the second objection. The commissions are directed to any judge or justice of the peace in New Orleans, or the parish of East Baton Rouge. One deposition was taken before M. Moreno, a justice of the peace in the latter parish, and the others before O. P. Jackson, one of the judges of the City Court in New Orleans. Mr.

Moreno and Judge Jackson are state officers, and their official capacity and authority is proved by their official signatures and seals of office. It is not necessary, within the State, to direct a commission to a particular individual; it may be directed generally to any judge or justice in a particular parish, and it may then be executed by any such officer, and the official certificate is sufficient evidence, until the contrary be proved. The third objection is not stronger than the others. The defendant's cross interrogatory is, are you in any manner interested in the result of this suit, and do you know any thing that is important to the defendant, if so, state it? One of the witnesses, in answering the last interrogatory of the plaintiffs, proceeds to say, without its being stated as an answer to the cross interrogatory, that he is not interested in the suit, and that he knows nothing that would be important to the defendant. The interrogatory of the plaintiffs called for no such answer as this, and we have no doubt that it was intended as a response to the defendant's cross interrogatory, although not so stated. The commission has a seal to it, which disposes of the fourth objection.

On the merits, the case is most clearly made out in favor of the plaintiffs.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with five per cent damages on the debt and interest, with the costs of this appeal.